GH v MH (2025 NY Slip Op 52077(U))

[*1]

GH v MH

2025 NY Slip Op 52077(U)

Decided on December 11, 2025

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
Supreme Court, Richmond County

GH, Plaintiff,
againstMH, Defendant.

Index No. Redacted

Attorney for the Plaintiff:Joseph Michael Cammarata Cammarata Law P.C. 1110 South Avenue—suite 33Staten Island, NY 10314-3814 Phone: (718) 477-0020 E-mail: [email protected]Attorney for DefendantFrancine Pickett Cohen The Law Offices of Francine Pickett Cohen, LLC 1110 South Ave Ste 3Staten Island, NY 10314-3414 Phone: (347) 273-1283 E-mail: [email protected]Attorney for ChildIan Craig Berliner Ian Berliner, Esq. 42 Richmond Ter Ste 300Staten Island, NY 10301 Phone: (917) 913-1899 E-mail: [email protected]

Ronald Castorina, Jr., J.

I. Statement Pursuant to CPLR § 2219 [a]
The following e-filed documents listed on NYSCEF (Motion No. 013) numbered 250-255, 262-264 and (Motion No. 014) numbered 256-261, 265-270 were read on this motion. The Court has considered the Order to Show Cause dated November 25, 2025, the Affidavit of Plaintiff sworn November 25, 2025, the Affirmation of Joseph M. Cammarata, Esq., Defendant's Cross-Motion and supporting affirmation and affidavit dated December 4, 2025, Plaintiff's Reply sworn December 9, 2025, the Consent Order dated October 9, 2025, all exhibits submitted by both parties, the forensic evaluation of Dr. Andrew Propper dated January 27, 2023, which forms part of the Court's file and is required to be considered pursuant to the parties' Stipulation of Settlement and the Comprehensive Family Services report, dated December 11, 2025, regarding Plaintiff's supervised and therapeutic visits with the children on October 25, 2025, November 1, 2025, and November 22, 2025. All documents referenced herein are contained within the record. 
II. FactsThis post-judgment matter concerns the parental access of the parties' minor children, VH, born XX XX, 2017, and SH, born XX XX, 2019. The parties were married on XX XX, 2015, and subsequently resolved their matrimonial action through a Stipulation of Settlement dated July 17, 2023, incorporated but not merged into the Judgment of Divorce. That Stipulation contains a specific clause requiring that the forensic report prepared by Dr. Andrew Propper on January 27, 2023, be considered in any application seeking increased or unsupervised parenting time.
A Consent Order dated October 9, 2025 directed that Plaintiff's visitation be supervised by Comprehensive Family Services ("CFS"). Plaintiff asserts that since that time he has attended three supervised visits at CFS, all of which he describes as positive, peaceful, and welcomed by the children. He seeks expanded supervised parenting time for the upcoming holidays and certain meaningful family dates. He further requests that the paternal grandmother, GH, be permitted to supervise in the event CFS cannot accommodate the requested dates, citing a prior supervised family event in June 2025 that proceeded without incident.
CFS proved the Court with a report dated, December 11, 2025, pertaining to Plaintiff's supervised and therapeutic visits with the children on October 25, 2025, November 1, 2025, and November 22, 2025. The report is benign. Plaintiff usually arrived approximately 15 minutes late to the visits. Plaintiff divided his time equally between the children and the children were observed to laugh during conversation. Plaintiff and the child, SH were physically affectionate. The child VH and Plaintiff were not as physically affectionate but maintained conversation throughout the visits.
Defendant opposes modification of the existing supervisory structure. She asserts that Plaintiff continues to engage in emotionally volatile, manipulative, and destabilizing behavior, consistent with the patterns identified in the forensic evaluation. Defendant denies any interference with CFS visitation and requests that the Court order an updated forensic evaluation, impose sanctions under 22 NYCRR §130-1.1, and award attorney's fees in the amount of [*2]$5,000.00. Plaintiff denies Defendant's allegations, describes himself as a father seeking only meaningful and supervised involvement with his children, and opposes sanctions and a new forensic evaluation.
III. Conclusions of LawThe parties' submissions recite that visitation is a joint right of the noncustodial parent and the child, and that the welfare of the child is best served by nurturing and guided care by both parents when consistent with the child's best interests. Parenting-time determinations must be governed by the best interests of the children, including their emotional security, physical safety, and developmental needs. Supervised visitation may be imposed or maintained where necessary to safeguard these interests.
The submissions further reference the standards under 22 NYCRR §130-1.1, which authorize sanctions where conduct is frivolous, including where claims lack merit, are undertaken to harass or injure, or are intended to cause undue delay. The Stipulation of Settlement requires that the Propper forensic evaluation be considered as part of the record whenever increased parenting time is sought.
The Court has thoroughly reviewed the forensic evaluation of Dr. Propper dated January 27, 2023, as required by the parties' agreement. The findings contained therein were serious, detailed, and profoundly concerning. The report did not merely reflect mild parental shortcomings or isolated lapses in judgment; it identified entrenched behavioral patterns demonstrating Plaintiff's difficulty with emotional regulation, volatility in interpersonal interactions, tendencies toward manipulative communication, and a limited capacity to prioritize the children's emotional needs. The nature and tone of the report were damning in their implications for Plaintiff's ability to engage safely and appropriately with the children without external oversight.
The forensic evaluator's conclusions were grounded in clinical assessment and recommended that visitation remain in a structured, professional supervisory setting. These concerns were of such depth and magnitude that even with the mostly benign although limited supervised number of visits reported on by CFS, the Court cannot disregard the forensic evaluator's concerns, nor can it presume they have abated in the absence of clear, reliable, and contemporary professional evidence of improvement.
Defendant's submissions, including her description of ongoing manipulative, condescending, and destabilizing communication, are consistent with the central themes and behavioral concerns identified in the forensic report. Her sworn account of Plaintiff's continued poor judgment, impulsive behavior, and emotional volatility reinforces the conclusion that the issues raised in the forensic evaluation may remain active and unremediated. Plaintiff's few recent supervised visits at CFS, while positive, are insufficient to allay these deep concerns. A handful of uninterrupted, time-limited, and highly structured encounters cannot meaningfully counterbalance the severity of the forensic report's findings, nor can they justify relaxing the safeguards designed to protect the children's emotional and physical well-being.
The forensic report is now nearly three years old. While its findings continue to bear weight, the Court has no updated clinical information by which to measure whether Plaintiff has undergone meaningful and sustained behavioral change. Without such information, the Court cannot determine whether Plaintiff remains a risk to the children's emotional stability or whether [*3]he has demonstrated sufficient transformation to warrant modification of the existing supervisory structure. A new forensic evaluation is therefore essential. Because Plaintiff seeks a modification of parental access, it is appropriate that he bear the full cost of this updated evaluation.
At the same time, the Court is mindful that the children benefit from maintaining a connection with their father, particularly during important holidays. Therefore, supervised visitation shall continue through CFS. However, the Court recognizes that CFS may experience scheduling limitations during the holidays. To avoid depriving the children of appropriate holiday visitation due solely to agency availability, Plaintiff's counsel shall submit several neutral, credentialed supervisory agencies capable of conducting visitation under terms equivalent to CFS supervision. No individual supervisor shall be used unless Defendant expressly consents in writing to the specific proposed person, and any such consent shall apply solely to the holiday visits contemplated herein.
Defendant's request for sanctions and attorney's fees is denied. Plaintiff's motion, although unsuccessful in part, cannot be said to lack merit, nor does it appear to have been undertaken to harass or injure. It reflects a legitimate effort by a parent seeking meaningful supervised contact.
IV. Conclusion and Decretal ParagraphsAccordingly, it is hereby
ORDERED, that Plaintiff's request to modify the supervisory structure by substituting the paternal grandmother or any individual supervisor for Comprehensive Family Services is DENIED absent Defendant's express written consent; and it is further
ORDERED, that supervised visitation shall continue through Comprehensive Family Services to the fullest extent feasible; and it is further
ORDERED, that in the event CFS is unable to accommodate any of the requested holiday visits, Plaintiff's counsel shall submit for Court approval several neutral, credentialed supervisory agencies capable of providing supervised visitation under terms equivalent to those offered by CFS; and it is further
ORDERED, that no individual (non-agency) supervisor shall be utilized unless Defendant expressly consents in writing to the proposed individual, and such consent shall be limited exclusively to the holiday visits at issue; and it is further
ORDERED, that an updated forensic evaluation of the parties and children shall be conducted at Plaintiff's sole cost and expense, and the resulting report shall be used in all future determinations concerning any request to alter or expand the current supervisory arrangement; and it is further
ORDERED, that the existing professional supervision structure shall remain in full force until the updated forensic evaluation is completed and reviewed by the Court; and it is further
ORDERED, that Defendant's request for sanctions and attorney's fees pursuant to 22 NYCRR §130-1.1 is DENIED; and it is further
ORDERED, that any relief not expressly granted herein is DENIED.
Dated: December 11, 2025Staten Island, New YorkE N T E R,HON. RONALD CASTORINA, JR.JUSTICE OF THE SUPREME COURT